IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FREDDIE MAXWELL                                                              PLAINTIFF

V.                              Case No. 2:14-CV-2239

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Freddie Maxwell ("Plaintiff"), seeks judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Title II and Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).  Plaintiff has exhausted his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate.  After having reviewed the record for the purpose of determining whether the Commissioner's decision is supported by substantial evidence, the Court **AFFIRMS** the decision of the Commissioner.

### I. Procedural Background

      Plaintiff filed his applications for DIB and SSI on July 12, 2013, claiming disability beginning February 7, 2013, due to hearing loss, depression and a back injury (Tr. 141-53, 176). The State Disability Determination Services denied Plaintiff's applications initially and upon reconsideration.  (Tr. 88-90)  Administrative Law Judge (the "ALJ") Harold D. Davis conducted a hearing, at Plaintiff's request, on April 15, 2014, at which Plaintiff and Larry Seifert, a vocational expert, testified.  (Tr. 30-55)  Plaintiff was represented at the hearing by his attorney, Michael Hamby.  (Tr. 14, 30)

By written decision dated August 15, 2014, the ALJ found that Plaintiff had the following severe impairments: hypertension; compression fracture T11-12 (status post ESIS); and, chronic low back pain. (Tr. 17) After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or medically equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix I. (Tr. 17)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that the claimant could occasionally lift and carry 10 pounds and frequently lift and carry less than 10 pounds; he could stand and walk 2 hours in an 8-hour workday; and, he could sit about 6 hours in an 8-hour workday." (Tr. 18)

With the assistance of the testimony of the vocational expert (the "VE"), the ALJ concluded that Plaintiff is unable to perform any past relevant work as a salvage laborer, machine packing operator, forklift operator, press operator or stocker/store laborer; however, after considering Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy that Plaintiff could perform. (Tr. 24) The ALJ concluded Plaintiff was not under a disability (as defined in the Social Security Act) from the alleged onset date through the date of the decision. (Tr. 25)

Plaintiff requested a review of the ALJ's unfavorable decision by the Appeals Council (Tr. 7), and this request was denied on October 23, 2014. (Tr. 1-6) The ALJ's decision therefore became the final decision of the Commissioner, and Plaintiff's administrative remedies were exhausted. (Tr. 1) Plaintiff subsequently filed his Complaint herein seeking judicial review of the Commissioner's decision. (Doc. 1) Both parties have filed briefs and this case is before the Court for decision. (Docs. 13, 15)

## II. Standard of Review and Applicable Law

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful

activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if she reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Analysis

The ALJ in this case found Plaintiff was not disabled and had the RFC and capability to successfully adjust to other unskilled occupations performed at the sedentary level that exist in significant numbers in the national economy.  (Tr. 25)  Plaintiff alleges that the ALJ erred by: (1) failing to give appropriate weight to his treating physician's opinions and limitations; (2) failing to properly develop the record as it relates to the psychological aspect of his claim; and, (3) finding other work exists in significant numbers in the national economy that Plaintiff could perform as Plaintiff contends he would need a job where he could sit/stand at will.

### A.  No Failure to Develop the Record

Plaintiff contends the ALJ erred by failing to properly develop the record as it relates to the psychological aspect of his claim.  Specifically, Plaintiff contends the ALJ should have ordered a psychological evaluation or IQ test.  (Doc. 13, p. 2)  In a pre-hearing memorandum, Plaintiff lists depression, difficulty maintaining a job due to the inability to get along with co-workers and bosses secondary to anger issues, learning disability, and low IQ as some of his impairments.  (Tr. 218)

4

While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011)(citation omitted).  The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled. *Id*. (citation omitted).  There is no bright line test for determining whether the ALJ failed to adequately develop the record, and this determination is made on a case by case basis. *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994).

The need for medical evidence does not necessarily require the Commissioner to produce additional evidence not already within the record.  An ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).  Providing specific medical evidence to support his disability claim is, of course, the Plaintiff's responsibility, and that burden of proof remains on him at all times to prove up his disability and present the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991); 20 C.F.R. § 416.912(a) and (c).

In his brief, Plaintiff contends the ALJ should have ordered a psychological evaluation or IQ testing, because "his low IQ, learning disability, and inability to get along with co-workers and bosses secondary to anger issues were discussed during the hearing." (Doc. 13, p. 2)  During the hearing, Plaintiff testified that he did not make good grades in high school, but he was never in any special education classes other than a remedial reading class.  (Tr. 45)  Plaintiff completed the 10th grade and acquired his GED.  (Tr. 34-35)  Plaintiff affirmed that he could read, write, make change and do simple math.  (Tr. 35)  Plaintiff also testified that he was discharged from the military after five weeks, because he "couldn't deal with it."  (Tr. 46)  Plaintiff further testified he had to change

5

jobs frequently, because he couldn't get along with co-workers but has not had a psychiatric evaluation as an adult. (Tr. 50)  Other than Plaintiff's subjective testimony there is nothing in the medical record to support a medically determinable impairment of depression, low IQ or a learning disability.

In fact, there is evidence in the record that is wholly inconsistent with Plaintiff's complaints. In a Function Report dated July 26, 2013, when asked "[h]ow well do you get along with authority figures?", Plaintiff responded, "Just fine." (Tr. 199)  Plaintiff also checked "no" when asked if he had ever been fired or laid off from a job because of problems getting along with other people. (Tr. 199)  On September 18, 2013, Dr. Christal Janssen noted that Plaintiff indicated he suffered from depression due to the inability to pay bills, but that this was merely situational.  (Tr. 82)

Plaintiff provided very little in support of a claim for disability based upon depression, low IQ or a learning disability, and his subjective complaints were contradicted by other evidence in the record.  If the impairments are not severe enough to significantly limit the claimant's ability to perform most jobs, the impairments do not prevent the claimant from engaging in substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  And, the burden is on the claimant to furnish medical and other evidence. See *Matthews v. Bowen,* 879 F.2d 422, 424 (8th Cir.1989) (ruling that ALJ did not err in not ordering consultative examination before concluding claimant had no mental impairment where claimant did not allege disability due to mental impairment and presented only minimal evidence of anxiety).  Plaintiff's subjective complaints cannot be disregarded solely because they are not supported by the medical evidence. *Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999). Where inconsistencies appear in the record as a whole, however, a claimant's subjective complaints can be discounted. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1987).  There is also no evidence that Plaintiff sought professional medical treatment for depression except for the pain

6

management specialist, Dr. Luo's most recent progress note of September 11, 2014, where she prescribed the anti-depressant, citalopram, as Plaintiff indicated he was experiencing "some" depression. (Tr. 301-02) There was no indication, however, that Plaintiff's depression was either severe or would cause any work-related limitations. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failure to seek medical assistance contradicts subjective complaints). The Court finds the ALJ did not violate his duty to develop the record as there is sufficient medical evidence in the record to support his determination that these alleged psychological impairments did not rise to the level of being severe.

Even if Plaintiff could show the ALJ failed to fully develop the record, which he failed to do, Plaintiff did not show he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Therefore, remand would not be proper. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Accordingly, the ALJ did not violate his duty to develop the record by failing to order a psychiatric evaluation based upon the medical evidence and the testimony presented at the hearing.

### B. Opinion of Treating Physician

Under the social security regulations, the commissioner will generally give a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s)" "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record. *Cline v. Colvin*, 771 F.3d 1098 (8th Cir. 2014). The commissioner, however, "'may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Admittedly, the ALJ "gave very little weight to the opinions of Dr. Nguyen," and the ALJ set out in specific detail his reasons for finding Dr. Nguyen's

7

opinions were entitled to little weight. (Tr. 23)

We reject Plaintiff's contention that the ALJ improperly disregarded the opinion of his treating physician, Dr. Nguyen. Dr. Nguyen examined Plaintiff on only two occasions: January 20, 2014 (Tr. 256) and February 18, 2014 (Tr. 258). In a letter dated March 4, 2014, Dr. Nguyen wrote that Plaintiff was unable to work for the next three months due to a pathological fracture of vertebrate. (Tr. 255) On April 28, 2014, Dr. Nguyen wrote that Plaintiff required a job that would allow him to sit or stand at will. (Tr. 265)

Dr. Nguyen's opinions are contradicted by other medical evidence in the record. For example, Jim Takach, M.D., an agency consultant, reviewed Plaintiff's medical evidence of record and issued an opinion dated September 18, 2013, regarding Plaintiff's RFC. (Tr. 83-85) In Dr. Takach's opinion, Plaintiff was able to lift and carry ten pounds occasionally and less than ten pounds frequently; to stand and walk for at least two hours in an eight-hour workday; to sit for about six hours in an eight-hour workday (with normal breaks); and, to push and pull without limitations, other than as noted for lifting and carrying. (Tr. 83-84) Dr. Takach also indicated his opinion that Plaintiff had occasional postural limitations when climbing ramps/stairs, climbing ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching and crawling. (Tr. 84) Dr. Takach noted that Plaintiff had no manipulative, visual, communicative, or environmental limitations. (Tr. 84) Dr. Takach further noted that Plaintiff had no trouble hearing the conversation over the telephone without any sort of amplifier or aid. (Tr. 84) Dr. Takach ultimately opined that Plaintiff would be able to perform sedentary work. (Tr. 85)

Plaintiff underwent a pain management consultation with Dr. Cathy Luo, at Dr. Nguyen's request, on March 17, 2014. Dr. Luo noted that Plaintiff was not receiving any physical therapy for his back. (Tr. 252) Dr. Luo also noted her observation that while Plaintiff had a decreased range

8

of motion in his spine, he had a normal gait and was able to stand without difficulty. (Tr. 253) Dr. Luo did not identify any work-related limitations in her consultation notes.

Dr. Nguyen's letters were void of any objective medical evidence to support his opinions. Further, they were not only inconsistent with each other, but also were inconsistent with other objective medical evidence in the record. We conclude that the ALJ properly discounted this opinion after finding that it was not supported by the objective evidence in the record, and that it contrasted with other evidence in the record. *See Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007) (ALJ may credit another medical evaluation over that of treating physician when other assessment is supported by better medical evidence, or where treating physician renders inconsistent opinions).

### C. Vocational Expert Testimony

Plaintiff contends the ALJ erred in finding a significant number of jobs exist in the national economy that Plaintiff could perform. Plaintiff contends the ALJ erred by not including an "at will" sit/stand option in his hypotheticals to the VE. At this step, the burden of production shifts to the Commissioner to show that there is other work existing in significant numbers in the national economy that Plaintiff can perform. *Cruze v. Chater*, 85 F.3d 1320, 1322 (8th Cir. 1996).

The ALJ asked the VE whether jobs exist in the national economy for an individual with the claimant's age, education, work experience and RFC. The VE testified that the individual would be able to perform the requirements of representative unskilled occupations performed at the sedentary level such as: assembly workers, fishing rod with 493 jobs available in Arkansas and 28,778 jobs available in the nation; and semiconductor bonder with 958 jobs available in Arkansas and 37,321 jobs available in the nation. Upon questioning by Plaintiff's attorney, the VE testified that if the individual required an at will sit/stand option that would eliminate all of those jobs. (Tr. 55).

Plaintiff does not contend that the VE erred in his finding that a significant number of jobs

9

exist based upon the hypotheticals proposed by the ALJ; however, he contends that he would need to be permitted to sit/stand "at will", which would preclude any of the aforementioned occupations. The only evidence in the record of Plaintiff requiring an at will sit/stand option was the letter of Dr. Nguyen. As previously stated, the ALJ properly discounted this opinion as it was inconsistent with the record as a whole, and Dr. Nguyen only examined Plaintiff on two occasions. Further, Dr. Cathy Luo examined Plaintiff on March 17, 2014 and noted Plaintiff was not receiving any physical therapy, had a normal gait, and was able to stand without difficulty. (Tr. 253)

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). The ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. *Id*. Based on our previous conclusion that the ALJ's RFC findings are supported by substantial evidence, we hold that the hypothetical question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. *Id.*, *see also Lacroix*, 465 F.3d at 889.

### V.  Conclusion

For the foregoing reasons, the ALJ committed no reversible error and his decision is supported by substantial evidence in the record as a whole. The ALJ's decision is accordingly **AFFIRMED**. Plaintiff's case is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** this 25th day of January, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE